UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**EDUARD SHCHERBAKOV,**

    **Plaintiff,**

v.                                               Case No. 21-4852-JMY

**FERRARI NORTH AMERICA, INC.,**

    **Defendant.**
_____/

## PLAINTIFF'S MOTION TO REOPEN THE CASE TO ENFORCE THE TERMS OF SETTLEMENT

Plaintiff' Eduard Shcherbakov files this motion to reopen the case for purposes of enforcing the terms of the settlement agreement reached during the Court-Ordered Mediation, and in support thereof states the following:

### FACTS OF THE CASE AND MEDIATION

On November 3, 2021, Plaintiff Shcherbakov filed an action against Ferrari North America, Inc. ("Ferrari"), alleging claims under the Federal Lemon Law (15 U.S.C. §2301) and Pennsylvania's Unfair Trade Practices and Consumer Protection Law based on defects with the 2020 Ferrari Portofino purchased by Mr. Shcherbakov. (ECF 1.) Ferrari requested an early settlement conference and the Court sent the parties to mediation before Judge Wells to be conducted on December 22, 2021. The parties attended a Zoom/telephonic

settlement conference on December 22, 2021, and continued with settlement discussions facilitated by Judge Wells until on or about December 27, 2021, when the parties confirmed the terms of settlement in a call with Judge Wells. The parties were to prepare a final settlement agreement and the Court dismissed the case "pursuant to agreement of counsel." (ECF 17.) However, that contemplated agreement has never been memorialized and Ferrari has failed to comply with its obligations under the terms of agreement of counsel confirmed to Judge Wells. Accordingly, Plaintiff has no choice but to seek an order reopening the case to enforce the terms of the settlement. As set forth in the parties' stipulation (ECF 20), Plaintiff intends to file its motion to enforce settlement upon entry of the Order permitting the full details on settlement to be filed under Seal. (ECF 20.)

## MOTION TO MODIFY THE DISMISSAL ORDER

"Local Rule of Civil Procedure 41.1(b) permits the Court to vacate, modify, or strike a dismissal order pursuant to the Rule for 'cause shown' within 90 days of entering such order." *Mood v. Encore Kitchen & Bath Distribs., Inc.*, No. 10-83, 2011 U.S. Dist. LEXIS 5375, at *2 (E.D. Pa. Jan. 19, 2011); *Bright v. First Senior Fin. Grp.*, No. 12-cv-360, 2013 U.S. Dist. LEXIS 89092, at *17 (E.D. Pa. May 22, 2013). "When motions for relief are filed within 90 days of the order dismissing the case, courts in the Eastern District have

modified 41.1(b) Orders where one party has failed to execute a written settlement agreement that embodies the agreed upon terms." *Bright*, 2013 U.S. Dist. LEXIS 89092, at *19; *see also Mood*, 2011 U.S. Dist LEXIS 5375, at *4 (good cause found to retain jurisdiction when agreement was not yet executed). Here the Court dismissed the action anticipating a settlement agreement would be entered "pursuant to agreement of counsel." There is no dispute that the parties have failed to execute the written settlement agreement containing the terms agreed upon by the parties, as Ferrari has been unwilling to execute an agreement that reflects the terms. Ferrari has argued that Judge Wells should somehow "rule" on terms to be included in the settlement agreement, but, respectfully, Plaintiff does not agree that Judge Wells, who was the mediator on a case currently closed, has jurisdiction to order the parties to accept certain terms. Accordingly, there is good cause to reopen the case to enforce the settlement terms and modify dismissal. *See id*.

Respectfully submitted March 24, 2022.

>*/s/ Ryan T. Santurri*
>Ryan T. Santurri *(Pro Hac Vice)*
>Florida Bar No. 015698
>rsanturri@allendyer.com
>Allen, Dyer, Doppelt + Gilchrist, PA
>255 South Orange Avenue, Ste. 1401
>Post Office Box 3791
>Orlando, Florida 32802-3791
>Telephone:  407-841-2330
>Facsimile:   407-841-2343
>
>Jason Rabinovich
>PA Bar No. 308167
>jason@rslawgroup.com
>Rabinovich Sokolov Law Group LLC
>1700 Market St, Suite 1005
>Philadelphia, PA 19103
>Tel. (215) 717-2200
>
>**Attorneys for Plaintiffs**

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I reached out to counsel for Defendant regarding this motion. Defendant opposes Plaintiff's motion to reopen the case.

>*/s/ Ryan T. Santurri*
>Ryan T. Santurri

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2022, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

    Richard B. Wickersham, Jr., Esq.
    Post & Schell, P.C.
    Four Penn Center
    1600 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    rwickersham@postschell.com

                                            */s/ Ryan T. Santurri*
                                            Ryan T. Santurri